UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTEL, INC.,<br><br>                Plaintiff,<br><br>     -v-<br><br>27GARDEN, ABC TOYS DROPSHIPPING STORE, ALISO STORE, BESTHOME888, BLUE_SPORTS, BRHOME STORE, CHILDHOOD WORLD TOY STORE, CUP0830, DORIS HOME, FUNNYCHOOD STORE, GOODHG, HOME OF STARRY NIGHT STORE, HOMEBETTER2022, HOMEGARDEN1, JOY-TOYS DROPSHIPPING STORE, LIANGJINGJING_HOME, LIFE MALL, LILIAN_WHOLESALE, LITTLESTOOL SWEETHOME STORE, LOVELY MOMENT STORE, LOVESTORE0830, MAINLANDGOODS STORE, MATTEL TOYS STORE, MATTELS TOY WORLD STORE, P97I, POPULAR_TOY, RICHFLYS.STORE a/k/a PENNYUS.SHOP, SHENZHEN JIEJIE GAO INFORMATION TECHNOLOGY CO., LTD., SHOP1102219102 STORE, SHOP1102352055 STORE, SHOPPINGMALL777, SIMPLE MIND STORE, SPECIAL_SALE, SUBLIMATION_STORE a/k/a ESW_HOME2, SUPERMARKET_TOY, TAIYUANZHAOLEIXINXIJISHUYOUXIANGONGSI., TAKARA TOMY RZ TOYS STORE, THE GIRL NEXT DOOR TRADING CO., LTD, THE SEA FOR STORE, TOMY TOYS STORE, TOP SHOP, TOY KINGDOM STORE, US_PENNSYLVANIA, VINCENT BESTCHOICE STORE and XREA,<br><br>                Defendants. | **PRELIMINARY INJUNCTION ORDER**<br><br>**22 Civ. 9842 (JPC)** |

# GLOSSARY

| Term | Definition |
|---|---|
| **Plaintiff or Mattel** | Mattel, Inc. |
| **Defendants** | 27garden, ABC Toys Dropshipping Store, Aliso Store, besthome888, blue_sports, brhome Store, Childhood world toy Store, cup0830, Doris Home, FunnyCHood Store, goodHG, Home of Starry Night Store, Homebetter2022, homegarden1, Joy-Toys Dropshipping Store, liangjingjing_home, Life Mall, lilian_wholesale, LittleStool Sweethome Store, Lovely Moment Store, lovestore0830, MainlandGoods Store, Mattel toys Store, Mattels Toy World Store, p97i, popular_toy, richflys.store a/k/a pennyus.shop, Shenzhen Jiejie Gao Information Technology Co., Ltd., Shop1102219102 Store, Shop1102352055 Store, shoppingmall777, Simple Mind Store, special_sale, sublimation_store a/k/a Esw_home2, supermarket_toy, taiyuanzhaoleixinxijishuyouxiangongsi., TAKARA TOMY RZ Toys Store, The Girl Next Door Trading Co., Ltd, The sea for Store, Tomy Toys Store, TOP SHOP, TOY KINGDOM Store, us_pennsylvania, Vincent BestChoice Store and xrea |
| **AliExpress** | Aliexpress.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| **Amazon** | Amazon.com, a Seattle, Washington-based, online marketplace and e-commerce platform owned by Amazon.com, Inc., a Delaware corporation, that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York |
| **DHgate** | Dunhuang Group d/b/a DHgate.com, an online marketplace and e-commerce platform which allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their wholesale and retail products originating from China directly to consumers worldwide and specifically to consumers residing in the U.S., including New York |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **New York Address** | 244 Madison Ave, Suite 411, New York, NY 10016 |
| **Complaint** | Plaintiff's instant Complaint |
| **Application** | Plaintiff's *Ex Parte* Application for: 1) a temporary restraining order; 2) an order restraining Defendants' |

ii

| | |
|---|---|
| | Websites, Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery |
| **Nastasi Declaration** | Declaration of Gabriela N. Nastasi in Support of Plaintiff's Application |
| **Mattel Products** | Plaintiff's children's toys, games, playthings, and other products, and/or its sub-brands, including, but not limited to: Barbie, UNO, LOL, KidKraft, Thomas & Friends, Hot Wheels, Power Wheels, American Girl and Fisher-Price |
| **Barbie** | A fashion doll |
| **Barbie Products** | A range of commercial products including dolls, playhouses, toy cars, books, movies, games, puzzles and clothing sold under the Barbie brand |
| **Mattel Marks** | U.S. Trademark Registration Nos.: 3,165,874 for "MATTEL" for "retail store services for a full line of toys and children's products" in Class 35; and 898,209 for [MATTEL logo] for "toys" in Class 28. |
| **Barbie Marks** | U.S. Trademark Registration Nos.: 689,055 for "BARBIE" for a variety of goods in Class 28; 2,678,386 for "BARBIE" for a variety of goods in Classes 3, 6, 8, 9, 11, 12, 14, 16, 18, 20, 21, 24, 25, 26, 27, 28 and 30; 2,087,842 for "[Barbie logo]" for a variety of goods in Class 28; 2,639,971 for "[Barbie logo]" for a variety of goods in Class 25 and 28 |
| **Plaintiff's Website** | Barbie's website, located at http://www.barbie.mattel.com and Mattel's website, located at http://www.mattel.com |
| **Counterfeit Products** | Defendants' products advertised, offered for sale and/or sold by Defendants via Defendants' Websites and Defendants' Merchant Storefronts (as defined *infra*), which use the Barbie Marks and/or Mattel Marks and/or products in packaging and/or containing labels bearing the Barbie Marks and/or Mattel Marks and/or bearing or used in connection with marks that are confusingly similar to the Barbie Marks and/or Mattel Marks and/or products that are identical or confusingly similar to the Barbie Products |
| **Defendants' Websites** | Any and all fully interactive websites held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them, that use the Barbie Marks and/or Mattel Marks, that they operate to communicate with consumers regarding their Counterfeit Products and/or through which consumers purchase Counterfeit Products for delivery in the U.S. |

| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as AliExpress, DHgate as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
|---|---|
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Infringing Listings** | Defendants' listings for Counterfeit Products |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any of Defendants' Websites, Defendants' User Accounts or Defendants' Merchant Storefronts (whether said accounts are located in the U.S. or abroad) |
| **Financial Institutions** | PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), the Alibaba Group d/b/a Alibaba.com payment services (e.g., Alipay.com Co., Ltd., Ant Financial Services Group), Amazon.com, Inc., Amazon Payments, Inc. ("Amazon Pay"), DHgate (*e.g.*, DHpay.com) and PingPong Global Solutions, Inc. ("PingPong") |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly by AliExpress, Amazon, DHgate as well as any and all as yet undiscovered online marketplace platforms, Internet Service Providers ("ISP"), back-end service providers, web designers, merchant account providers, website hosts such as Cloudflare, Inc., ShopBase and Dynadot, domain name registrars, domain name registries, shipping, fulfillment and warehousing service providers and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them that manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise |

WHEREAS, Plaintiff having moved *ex parte* on November 18, 2022 against Defendants for the following: 1) a temporary restraining order; 2) an order restraining Defendants' Websites and/or Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service; and 5) an order authorizing expedited discovery;

WHEREAS, on November 23, 2022, the Court entered an Order granting Plaintiff's Application ("TRO") which ordered Defendants to appear on December 7, 2022 at 10:30 a.m. to show cause why a preliminary injunction should not issue ("Show Cause Hearing");

WHEREAS, on November 30, 2022, Plaintiff filed a letter requesting to modify and extend the TRO;

WHEREAS, on December 1, 2022, the Court entered an order rescheduling the Show Cause Hearing to December 15, 2022 at 11:30 a.m. and extending the TRO to the date of the Show Cause Hearing ("December 1, 2022 Order");

WHEREAS, on December 1, 2022, Plaintiff filed a second letter requesting to adjourn the Show Cause Hearing;

WHEREAS, on December 2, 2022, the Court entered an order rescheduling the Show Cause Hearing to December 13, 2022 at 2:30 p.m. ("December 2, 2022 Order");

WHEREAS, on December 7, 2022 Plaintiff sent the Summons, Complaint, TRO, all papers filed in support of the Application, the December 1, 2022 Order and the December 2, 2022 Order to each and every Defendant;

WHEREAS, in the TRO, December 1, 2022, and December 2, 2022 Orders the Court authorized alternative electronic service of those Orders; and

1

WHEREAS, on December 13, 2022 at 2:30 p.m., Plaintiff appeared at the Show Cause Hearing, however, no Defendants appeared.

## ORDER

I. The injunctive relief previously granted in the TRO shall remain in place through the pendency of this action, subject to the revisions indicated below, and issuing this Order is warranted under Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act.

   a) Accordingly, Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

   i. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Barbie Marks and/or Mattel Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting or infringement of the Barbie Marks and/or Mattel Marks;

   ii. directly or indirectly infringing in any manner Plaintiff's Barbie Marks and/or Mattel Marks;

   iii. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Barbie Marks and/or Mattel Marks, to identify any goods or services not authorized by Plaintiff;

   iv. using Plaintiff's Barbie Marks and/or Mattel Marks and/or any other marks that are confusingly similar to the Barbie Marks and/or Mattel Marks, on or in connection with Defendants' manufacturing, importing, exporting, advertising,

  marketing, promoting, distributing, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

 v. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and/or as to Defendants' commercial activities with Plaintiff;

 vi. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

 vii. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the

3

    prohibitions set forth in this Order; and

  viii. knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs I(a)(i) through I(a)(vii) above and I(b)(i) through I(b)(ii) and I(c)(i) below.

b) Accordingly, the Third Party Service Providers and Financial Institutions are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

  i. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets, except those unassociated with the sale of counterfeit products, as Defendants may demonstrate upon motion to this Court, from or to Defendants' Financial Accounts until further ordered by this Court;

  ii. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, or any other records or evidence relating to Defendants' Assets and Defendants' Financial Accounts; and

  iii. knowingly instructing any person or business entity to engage in any of the activities referred to in subparagraphs I(a)(i) through I(a)(vii) and I(a)(i) through I(a)(ii) above and I(a)(i) below.

c) Accordingly, the Third Party Service Providers are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

  i. providing services to Defendants, Defendants' User Accounts and Defendants'

            Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts; and

      ii. knowingly instructing any person or business entity to engage in any of the activities referred to in subparagraphs I(a)(i) through I(a)(vii) and I(b)(i) through I(b)(ii) above and I(c)(i) above.

II. As sufficient cause has been shown, the asset restraint granted in the TRO shall remain in place through the pendency of this action, except that it shall not apply to assets unassociated with the sale of counterfeit products, as Defendants may demonstrate upon motion to this Court, including that:

  a) within seven (7) days of receipt of notice of this Order, any newly discovered Financial Institutions who are served with this Order shall locate and attach Defendants' Financial Accounts and shall provide written confirmation of such attachment to Plaintiff's counsel.

III. As sufficient cause has been shown, the expedited discovery previously granted in the TRO shall remain in place through the pendency of this action, including that:

  a) Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

  b) Plaintiff may serve requests for the production of documents pursuant to Federal Rules of Civil Procedure 26 and 34, and Defendants who are served with this Order and the requests for the production of documents shall produce all documents responsive to

such requests within fourteen (14) days of service to Plaintiff's counsel.

c) Within fourteen (14) days after receiving notice of this Order, all Financial Institutions who receive service of this Order shall provide Plaintiff's counsel with all documents and records in their possession, custody or control (whether located in the U.S. or abroad), relating to any and all of Defendants' Financial Accounts, User Accounts and Merchant Storefronts, including, but not limited to, documents and records relating to:

  i. account numbers;

  ii. current account balances;

  iii. any and all identifying information for Defendants, Defendants' User Accounts, and Defendants' Merchant Storefronts, including, but not limited to, names, addresses and contact information;

  iv. any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents, and if a business entity, any and all business documents provided for the opening of each and every of Defendants' Financial Accounts;

  v. any and all deposits and withdrawals during the previous year from each and every one of Defendants' Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements; and

  vi. any and all wire transfers into each and every one of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number.

d) Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers shall provide to Plaintiff's counsel all documents and records in their possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

  i. any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the Third Party Service Providers that were not previously provided pursuant to Paragraph VI of the TRO;

  ii. the identities, location and contact information, including any and all e-mail addresses of Defendants that were not previously provided pursuant to Paragraph I(C) of the TRO;

  iii. the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts with any and all Financial Institutions associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

  iv. Defendants' manufacturing, importing, exporting, advertising, marketing,

        promoting, distributing, displaying, offering for sale and/or selling of Counterfeit Products, or any other products bearing the Barbie Marks and/or Mattel Marks and/or marks that are confusingly similar to, identical to and constitute an infringement of the Barbie Marks and/or Mattel Marks.

IV. As Plaintiff has demonstrated that, despite its exercise of reasonable diligence, the addresses of Defendants are not known for the reasons stated on the record at the December 13, 2022 hearing before this Court and in the Nastasi Declaration, and sufficient cause has been shown, pursuant to Federal Rule of Civil Procedure 4(f)(3) service may be made on, and shall be deemed effective as to, Defendants if it is completed by one of the following means:

    a) delivery of: (i) a PDF copy of this Order, and (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com and via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where each Defendant will be able to download a PDF copy of this Order to Defendants' e-mail addresses to be determined after having been identified by Alibaba and/or AliExpress pursuant to Paragraph V(C) of the TRO or may otherwise be determined; or

    b) delivery of a message to Defendants through the same means that Plaintiff's agents have previously communicated with Defendants, namely the system for communications established by the Third Party Service Providers on their respective platforms, notifying Defendants that an action has been filed against them in this Court and providing a link to a secure website (such as NutStore or a large mail link created through Rmail.com) where each Defendant will be able to download a PDF copy of

8

this Order.

V. As Plaintiff has demonstrated that despite its exercise of reasonable diligence the addresses of Defendants are not known for the reasons stated on the record at the December 13, 2022 hearing before this Court and in the Nastasi Declaration, and as sufficient cause has been shown, the alternative service by electronic means ordered in in Paragraphs IV(A)(1) – IV(A)(2) of the TRO and herein shall be deemed effective as to Defendants, and the alternative service by electronic means ordered in Paragraphs IV(D)(1) – IV(D)(7) of the TRO herein shall be deemed effective as to the Third Party Service Providers and Financial Institutions through the pendency of this action.

VI. As sufficient cause has been shown, service of this Order shall be made on and deemed effective as to the Third Party Service Providers and Financial Institutions if it is completed by the following means:

a) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal Inc. will be able to download a PDF copy of this Order via electronic mail to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

b) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where AliPay.com Co., Ltd., Ant Financial Services will be able to download a PDF copy of this Order via electronic mail to the Legal & Compliance Department – IP, including Joyce Xiang, joyce.xiang@antgroup.com, Ann, wb-wny616059@antgroup.com, and Yuki, wb-yj965636@antgroup.com;

c) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Alibaba will be able to download a PDF copy of this Order via electronic mail to Ms. Rachel Wang, Legal Counsel, Alibaba Group at rachel.wy@alibaba-inc.com and Ms. Yujuan

He, Paralegal, Alibaba Group at chloe.he@alibaba-inc.com;

d) delivery of: (i) a true and correct copy of this Order via Federal Express to Amazon.com, Inc. at Corporation Service Company 300 Deschutes Way SW, Suite 304, Tumwater, WA 98501, (ii) a PDF copy of this Order or (iii) a link to a secure website where Amazon.com, Inc. and Amazon Pay will be able to download a PDF copy of this Order via electronic mail to Deana Ahn counsel for Amazon Pay, at deanaahn@dwt.com;

e) delivery of (i) a PDF copy of this Order, or (ii) a link to a secure website where DHgate (including DHPay.com) will be able to download a PDF copy of this Order via electronic mail to Ms. Emily Zhou, Intellectual Property Management, Trust and Safety Department, DHgate at zhouxu@dhgate.com;

f) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail to Payoneer Inc.'s Customer Service Management at customerservicemanager@payoneer.com and subpoenas@payoneer.com and Holly Clancy and Melissa Godwin, counsel for Payoneer Inc., at Holly.Clancy@us.dlapiper.com and Melissa.Godwin@us.dlapiper.com, respectively; and

g) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PingPong Global Solutions Inc. will be able to download a PDF copy of this Order via electronic mail to PingPong Global Solutions Inc.'s Legal Department at legal-int@pingpongx.com.

VII.  Defendants are hereby given notice that they may be deemed to have actual notice of the terms of this Order and any act by them or any one of them in violation of this Order may be considered and prosecuted as in contempt of this Court.

VIII. The $5,000.00 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Order is terminated.

IX.   This Order shall remain in effect during the pendency of this action, or until further order of the Court.

X.    Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by the Court.

**SO ORDERED.**

SIGNED this 13th day of December, 2022, at 5:00 p.m.
New York, New York

_____
HON. JOHN P. CRONAN
UNITED STATES DISTRICT JUDGE