UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                                             :

MATTEL, INC.,                                                    :

                Plaintiff,                              :
                                                                            :        22 Civ. 9842 (JPC)
      -v-                                                        :
                                                                            :        <u>FINAL DEFAULT</u>
27GARDEN *et al.*,                                     :        <u>JUDGMENT AND</u>
                                                                            :        <u>PERMANENT</u>
                Defendants.                          :        <u>INJUNCTION ORDER</u>
                                                                            :
-------------------------------------------------------------------X

## GLOSSARY

| Term | Definition | Docket Entry No. |
|---|---|---|
| **Plaintiff or Mattel** | Mattel, Inc. | N/A |
| **Defendants** | 27garden, ABC Toys Dropshipping Store, Aliso Store, besthome888, blue_sports, brhome Store, Childhood world toy Store, cup0830, Doris Home, FunnyCHood Store, goodHG, Home of Starry Night Store, Homebetter2022, homegarden1, Joy-Toys Dropshipping Store, liangjingjing_home, Life Mall, lilian_wholesale, LittleStool Sweethome Store, Lovely Moment Store, lovestore0830, MainlandGoods Store, Mattel toys Store, Mattels Toy World Store, p97i, popular_toy, richflys.store a/k/a pennyus.shop, Shenzhen Jiejie Gao Information Technology Co., Ltd., Shop1102219102 Store, Shop1102352055 Store, shoppingmall777, Simple Mind Store, special_sale, sublimation_store a/k/a Esw_home2, supermarket_toy, taiyuanzhaoleixinxijishuyouxiangongsi., TAKARA TOMY RZ Toys Store, The Girl Next Door Trading Co., Ltd, The sea for Store, Tomy Toys Store, TOP SHOP, TOY KINGDOM Store, us_pennsylvania, Vincent BestChoice Store and xrea | N/A |
| **Defaulting Defendants** | 27garden, ABC Toys Dropshipping Store, Aliso Store, besthome888, blue_sports, brhome Store, cup0830, Doris Home, goodHG, Homebetter2022, homegarden1, liangjingjing_home, Life Mall, lilian_wholesale, lovestore0830, p97i, popular_toy, richflys.store a/k/a pennyus.shop, Shenzhen Jiejie Gao Information Technology Co., Ltd., shoppingmall777, special_sale, sublimation_store a/k/a Esw_home2, supermarket_toy, taiyuanzhaoleixinxijishuyouxiangongsi., The sea for Store, TOP SHOP and xrea | N/A |
| **Stay Defendants** | Childhood world toy Store, FunnyCHood Store, Home of Starry Night Store, LittleStool Sweethome Store, Lovely Moment Store, Mattel toys Store, Mattels Toy World Store, MainlandGoods Store, Shop1102219102 Store, Shop1102352055 Store, Simple Mind Store, TAKARA TOMY RZ Toys Store, The Girl Next Door Trading Co., Ltd, TOY KINGDOM Store and Vincent BestChoice Store | N/A |
| **AliExpress** | Aliexpress.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the | N/A |

| | world and specifically to consumers residing in the U.S., including New York | |
|---|---|---|
| **Amazon** | Amazon.com, a Seattle, Washington-based, online marketplace and e-commerce platform owned by Amazon.com, Inc., a Delaware corporation, that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York | N/A |
| **DHgate** | Dunhuang Group d/b/a DHgate.com, an online marketplace and e-commerce platform which allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their wholesale and retail products originating from China directly to consumers worldwide and specifically to consumers residing in the U.S., including New York | N/A |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff | N/A |
| **New York Address** | 244 Madison Ave, Suite 411, New York, NY 10016 | N/A |
| **Complaint** | Plaintiff's instant Complaint | 8 |
| **Application** | Plaintiff's *ex parte* Application for: 1) a temporary restraining order; 2) an order restraining Defendants' Websites, Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery | 14-15 |
| **Moore Dec.** | Declaration of Michael Moore in Support of Plaintiff's Application | N/A |
| **Nastasi Dec.** | Declaration of Gabriela N. Nastasi in Support of Plaintiff's Application | 15 |
| **Mattel Products** | Plaintiff's children's toys, games, playthings, and other products, and/or its sub-brands, including, but not limited to: Barbie, UNO, LOL, KidKraft, Thomas & Friends, Hot Wheels, Power Wheels, American Girl and Fisher-Price | N/A |
| **Barbie** | A fashion doll | N/A |
| **Barbie Products** | A range of commercial products including dolls, playhouses, toy cars, books, movies, games, puzzles and clothing sold under the Barbie brand | N/A |
| **Mattel Marks** | U.S. Trademark Registration Nos.: 3,165,874 for "MATTEL" for "retail store services for a full line of toys | N/A |

| | | |
|---|---|---|
| | and children's products" in Class 35; and 898,209 for [MATTEL logo] for "toys" in Class 28. | |
| **Barbie Marks** | U.S. Trademark Registration Nos.: 689,055 for "BARBIE" for a variety of goods in Class 28; 2,678,386 for "BARBIE" for a variety of goods in Classes 3, 6, 8, 9, 11, 12, 14, 16, 18, 20, 21, 24, 25, 26, 27, 28 and 30; 2,087,842 for "[Barbie script]" for a variety of goods in Class 28; 2,639,971 for "[Barbie script]" for a variety of goods in Class 25 and 28 | N/A |
| **Plaintiff's Website** | Barbie's website, located at http://www.barbie.mattel.com and Mattel's website, located at http://www.mattel.com | N/A |
| **Counterfeit Products** | Defendants' products advertised, offered for sale and/or sold by Defendants via Defendants' Websites and Defendants' Merchant Storefronts (as defined *infra*), which use the Barbie Marks and/or Mattel Marks and/or products in packaging and/or containing labels bearing the Barbie Marks and/or Mattel Marks and/or bearing or used in connection with marks that are confusingly similar to the Barbie Marks and/or Mattel Marks and/or products that are identical or confusingly similar to the Barbie Products | N/A |
| **Defendants' Websites** | Any and all fully interactive websites held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them, that use the Barbie Marks and/or Mattel Marks, that they operate to communicate with consumers regarding their Counterfeit Products and/or through which consumers purchase Counterfeit Products for delivery in the U.S. | N/A |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as AliExpress, DHgate as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their | N/A |

| | respective officers, employees, agents, servants and all persons in active concert or participation with any of them | |
|---|---|---|
| **Infringing Listings** | Defendants' listings for Counterfeit Products | N/A |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) | N/A |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any of Defendants' Websites, Defendants' User Accounts or Defendants' Merchant Storefronts (whether said accounts are located in the U.S. or abroad) | N/A |
| **Financial Institutions** | PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), the Alibaba Group d/b/a Alibaba.com payment services (e.g., Alipay.com Co., Ltd., Ant Financial Services Group), Amazon.com, Inc., Amazon Payments, Inc. ("Amazon Pay"), DHgate (*e.g.*, DHpay.com) and PingPong Global Solutions, Inc. ("PingPong") | N/A |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly by AliExpress, Amazon, DHgate as well as any and all as yet undiscovered online marketplace platforms, Internet Service Providers ("ISP"), back-end service providers, web designers, merchant account providers, website hosts such as Cloudflare, Inc., ShopBase and Dynadot, domain name registrars, domain name registries, shipping, fulfillment and warehousing service providers and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise | N/A |
| **Plaintiff's Motion for Default Judgment** | Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendants filed on April 27, 2023 | 30 |
| **Futterman Aff.** | Affidavit by Danielle S. Futterman in Support of Plaintiff's Motion for Default Judgment | 31 |

This matter comes before the Court by motion filed by Plaintiff for the entry of final judgment and permanent injunction by default against Defaulting Defendants for Defaulting Defendants' trademark infringement, trademark counterfeiting, false designation of origin, passing off and unfair competition and related state and common law claims arising out of Defaulting Defendants' unauthorized use of Plaintiff' Barbie Marks and Mattel Marks, without limitation, in their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying or offering for sale and/or selling and/or sale of Counterfeit Products.

The Court, having considered the Memorandum of Law and Affidavit of Danielle S. Futterman in support of Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendants, the Certificate of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

### I. Defaulting Defendants' Liability

1) Judgment is granted in favor of Plaintiff for the First and Second Causes of Action pleaded against Defaulting Defendants in the Complaint; the Third Cause of Action is dismissed without prejudice;

### II. Damages Awards

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that because it would serve both the compensatory and punitive purposes of the Lanham Act's prohibitions on willful infringement, and because Plaintiff has sufficiently set forth the basis for the statutory damages award requested in their Memorandum of Law in Support of its Motion for Default Judgment, the Court finds such an award to be reasonable and Plaintiff is awarded Seventy Five Thousand Dollars ($75,000.000) in statutory damages against the following twenty-seven (27) Defaulting

1

Defendants: 27garden, ABC Toys Dropshipping Store, Aliso Store, besthome888, blue_sports, brhome Store, cup0830, Doris Home, goodHG, Homebetter2022, homegarden1, liangjingjing_home, Life Mall, lilian_wholesale, lovestore0830, p97i, popular_toy, richflys.store a/k/a pennyus.shop, Shenzhen Jiejie Gao Information Technology Co., Ltd., shoppingmall777, special_sale, sublimation_store a/k/a Esw_home2, supermarket_toy, taiyuanzhaoleixinxijishuyouxiangongsi., The sea for Store, TOP SHOP and xrea ("Defaulting Defendants' Individual Damages Award") pursuant to 15 U.S.C. § 1117(c) of the Lanham Act for a total of Two Million Twenty-Five Thousand Dollars ($2,025,000.00), plus post-judgment interest.

### III.  Permanent Injunction

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defaulting Defendants, their respective officers, agents, servants, employees, and all persons acting in concert with or under the direction of Defaulting Defendants (regardless of whether located in the United States or abroad), who receive actual notice of this Order are permanently enjoined and restrained from:

   A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Barbie Marks, Mattel Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Barbie Marks and/or Mattel Marks;

   B. directly or indirectly infringing in any manner Plaintiff's Barbie Marks and Mattel Marks;

   C. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Barbie Marks and Mattel Marks to identify any goods or services not authorized by Plaintiff;

    D. using Plaintiff's Barbie Marks, Mattel Marks and/or any other marks that are confusingly similar to the Barbie Marks and/or Mattel Marks on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

    E. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products; and

    F. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation exportation, advertising, marketing, promotion, distribution, displaying, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants must deliver up for destruction to Plaintiff any and all Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defaulting Defendants that infringe Plaintiff's Barbie Marks, Mattel Marks or bear any marks that are confusingly similar to the Barbie Marks and/or Mattel Marks pursuant to 15 U.S.C. § 1118.

3) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Third Party Service Providers and Financial Institutions are permanently enjoined and restrained from:

   A. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defaulting Defendants' Frozen Assets and Defaulting Defendants' Financial Accounts;

   B. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(3)(A) above.

### IV.  Dissolution of Rule 62(a) Stay

1) IT IS FURTHER ORDERED, as sufficient cause has been shown, the 30 day automatic stay on enforcing Plaintiff's judgment, pursuant to Fed. R. Civ. Pro. 62(a) is hereby dissolved.

### V.  Miscellaneous Relief

1) Any failure by Defaulting Defendants to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defaulting Defendants to contempt remedies to be determined by the Court, including fines and seizure of property;

2) The Court releases the Five Thousand U.S. Dollar ($5,000.00) security bond that Plaintiff submitted in connection with this action to counsel for Plaintiff, Epstein Drangel, LLP, 60 East 42nd Street, Suite 1250, New York, NY 10165; and

3) This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

**SO ORDERED.**

SIGNED this 23rd day of June, 2023, at 3:00 p.m.

_____
HON. JOHN P. CRONAN
UNITED STATES DISTRICT JUDGE